# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARY MAXVILLE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-CV-00609-TCK-FHM |
| | ) |
| TARGET CORPORATION, a | ) |
| foreign corporation, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is Defendant Target Corporation ("Defendant")'s Motion for Summary Judgment (Doc. 19). For reasons discussed below, Defendant's motion is **DENIED**.

## I. Factual and Procedural Background[1]

On July 3, 2017, Plaintiff Mary Maxville ("Plaintiff") was shopping in Defendant's store. On her way to the checkout, Plaintiff caught her right toe in a divot on the floor and fell to her knees. Plaintiff did not see the divot at the time of her fall. Immediately after her fall, while Plaintiff was in substantial pain, she was escorted to speak with the store manager and to fill out an incident report. In both her conversation with the store manager and her incident report, Plaintiff stated that she did not know why she fell. However, after she filled out the incident report, Plaintiff examined the place where she fell and found the divot, which looked as if a pallet had been dropped there. A week later, Plaintiff's granddaughter photographed the divot, though Plaintiff alleges that these photographs do not fully convey the condition of the floor, as the chunks of tile that are missing are only visible when one is close to the floor, looking directly at the divot.[2]

---

[1] The following facts are undisputed, or as set forth in Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment (Doc. 20), or in documentary evidence.

[2] This allegation is set forth in Plaintiff's affidavit, attached to her Response to Defendant's Motion for Summary Judgment. (Doc. 20-2.) Defendant argues that the Court should disregard

Two days after her fall, on July 5, 2017, Plaintiff called her doctor regarding the bruising to her knees. She also visited Crestview Clinic regarding her back on July 19, 2017. As a result of her injuries, Plaintiff incurred $3,651.81 in medical costs. She does not anticipate having additional costs in the future.

On October 10, 2017, Plaintiff filed her Petition in District Court of Tulsa County, alleging one claim of premises liability. (Doc. 2-1.) Defendant removed this case to this Court based on the Court's diversity jurisdiction (Doc. 2), and, on June 12, 2018, filed its Motion for Summary Judgment (Doc. 19).

## II.     Standard of Review

Summary judgment is proper only if "there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the burden of showing that no genuine issue of material fact exists. *See Zamora v. Elite Logistics, Inc.*, 449 F.3d 1106, 1112 (10th Cir. 2006). In its summary judgment analysis, the Court resolves all factual disputes and draws all reasonable inferences in favor of the non-moving party. *Id*. However, the party seeking to overcome a motion for summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

A movant that "will not bear the burden of persuasion at trial need not negate the nonmovant's claim," but may "simply . . . point[] out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Adler v. Wal-Mart Stores, Inc.*,

---

Plaintiff's affidavit, because it contradicts her prior testimony in an effort to create a sham fact issue. (Doc. 21.) Defendant, however, has not specified which portion of Plaintiff's affidavit contradicts any portion of Plaintiff's deposition testimony. The Court construes Plaintiff's affidavit not to contradict Plaintiff's deposition testimony, but rather to supplement it. Accordingly, the Court will not disregard Plaintiff's affidavit.

2

144 F.3d 664, 671 (10th Cir. 1998) (internal citations omitted). If the movant makes this prima facie showing, "the burden shifts to the nonmovant to go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Id.* (citing FED. R. CIV. P. 56(e)). To meet this burden, the nonmovant must set forth facts "by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.* (citing *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir.), *cert. denied*, 506 U.S. 1013 (1992)). "In response to a motion for summary judgment, a party cannot rest on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial. The mere possibility that a factual dispute may exist, without more, is not sufficient to overcome convincing presentation by the moving party." *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988) (internal citations omitted).

### III.   Premises Liability Standard

Because this case is before the Court pursuant to the Court's diversity jurisdiction, Plaintiff's claims are governed by Oklahoma law. *See Martinez v. Angel Expl., LLC*, 798 F.3d 968, 973 (10th Cir. 2015) (internal citations omitted). Under Oklahoma law, the mere fact that an injury occurred carries no presumption of negligence. *See Ritch v. Carrabbas Italian Grill, L.L.C.*, 719 F. App'x 838, 840 (10th Cir. 2018) (unpublished). Rather, to prevail on a negligence claim, a party must prove (1) existence of a duty on the part of the defendant to protect plaintiff from injury; (2) defendant's breach of the duty; and (3) injury to plaintiff proximately resulting therefrom." *Id.*, quoting *Scott v. Archon Grp., L.P.*, 2008 OK 45, 191 P.3d 1207, 1211 (Okla. 2008). Though the nature of a defendant's duty varies with the plaintiff's status on the property in question, in this case it is undisputed that Plaintiff was an invitee at the time she entered

3

Defendant's store. *See Brown v. Nicholson*, 1997 OK 32, 935 P.2d 319, 321 (Okla. 1997) (describing duties owed to licensees and invitees).

Oklahoma premises liability law provides that a business owner such as Defendant "owes a duty to exercise ordinary care to keep its premises in a reasonably safe condition for use of its invitees and a duty to warn invitees of dangerous conditions upon premises that are either known or should reasonably be known by the owner." *Phelps v. Hotel Mgmt., Inc.*, 1996 OK 114, 925 P.2d 891, 893 (Okla. 1996). Due to the owner's "superior knowledge of the danger," the owner's duty to warn extends to "hidden dangers" that are not known to the invitee, but generally does not apply to dangers that are open and obvious to an invitee. *See Ritch*, 719 F. App'x 840-41.

To establish that an owner breached its duty to warn of a hidden danger, Plaintiff must also present evidence that the owner created the dangerous condition, or that the owner knew or should have known of the dangerous condition in sufficient time to warn of or remove the peril, but failed to do so. *See Rogers v. Hennessee*, 1979 OK 138, 602 P.2d 1033, 1035 (Okla. 1979); *Williams v. Safeway Stores, Inc.*, 1973 OK 119, 515 P.2d 223, 225 (Okla. 1973) (inferring constructive knowledge of a dangerous condition if the condition had existed for enough time that it was an owner's duty to know of it).

### IV. Analysis

In its Motion for Summary Judgment, Defendant argues that Plaintiff has failed to present sufficient evidence of causation, because, at the time of her fall, Plaintiff stated that she did not know what had caused it, and because Plaintiff's own evidence shows that the divot did not exist. Defendant also argues that Plaintiff has failed to present sufficient evidence that Defendant breached its duty to warn because, if the divot did exist, it would be an open and obvious danger to which Defendant's duty of care did not extend. (Docs. 19 and 21.) Plaintiff, however, argues

that Defendant's actions constituted breach of duty, because the divot was a hidden danger, and so Defendant should have repaired the divot or warned of its existence. Additionally, Plaintiff contends that the dispute over the existence of the divot and whether it caused her to fall are genuine issues of material facts that preclude summary judgment.

A.  **Breach of Duty**

An owner must warn an invitee of hidden dangers, but has no duty to warn of dangers that are open and obvious. *See Ritch*, 719 F. App'x 840-41. A hidden danger need not be obscured from view, but can also be visible, if unseen by the Plaintiff. *See Sholer v. ERC Mgmt. Group, LLC*, 2011 OK 24, 256 P.3d 38, 43 (Okla. 2011). "Hidden dangers" may also encompass a condition presenting a deceptively innocent appearance of safety, cloaking a reality of danger. *See id.* at 43. Conflicting evidence regarding the open and obvious nature of a defect—and, accordingly, whether Defendant breached its duty when it failed to repair it or warn of it—must be resolved by the trier of fact. *See id*.

In this case, there is conflicting evidence regarding whether the divot in the floor was open and obvious. Plaintiff has presented photographs showing the nature of the damage to the floor, as well as an affidavit explaining that a photograph cannot capture the full nature of the damage, as the full extent of the damage was not visible except upon very close inspection. Defendant, by contrast, argues that the photographs do not show more than a smudge on the floor, or, in the alternative, that the divot was an open and obvious danger. This is a factual conflict regarding the interpretation of Plaintiff's photographs, and should be resolved by the jury.

In *Sholer*, the Oklahoma Supreme Court held that the question of whether a shallow pool presented an open and obvious danger was also a question for the jury. In that case, while Plaintiff admitted that she understood the dangers of diving into waters of unknown depth, she also stated

5

that the pool's lighting created shadows that made her believe that the water could be as deep as five or six feet, and would be safe for a shallow water dive. Additionally, Plaintiff's rescuer also stated that he could not determine the depth of the water until he entered the pool. Like the pool in *Sholer*, the divot in this case also existed out in the open, though the danger it posed was only apparent when subject to close inspection. Accordingly, like in *Sholer*, the nature of the danger should be determined by the trier of fact.

Moreover, contrary to Defendant's argument, *City of Tulsa v. Frye* does not require a different result. *See* 1933 OK 531, 25 P.2d 1080 (Okla. 1933). In *Frye*, the Court held that a "crevice, hole, or opening" about two inches wide between the end of a cement block of sidewalk and the curb was a defect "of such a minor character that ordinary men could not differ as to whether or not it was dangerous." *Id.* at 1082. The Court first notes without deciding that it is unclear whether a municipality's duties regarding the public premises that it maintains are identical to the duties a private business owner has to its invitees. Even if these duties are identical, however, *Frye*'s holding is limited to the duty to exercise ordinary care in keeping the premises in a reasonably safe condition, and does not address defendant's duty to warn. By contrast, case law establishes that a storeowner's duty to warn applies to the condition of the floors. *See, e.g.*, *Rogers*, 602 P.2d at 1035 (owner would have had a duty to warn of water on the floor, if it had knowledge); *Kassick v. Spicer*, 1971 OK 131, 490 P.2d 251, 253 (Okla. 1971) (owner would have had a duty to warn of grapes on the floor, if it had knowledge). Accordingly, *Frye* is not binding in this case, where Plaintiff's claim is based on Defendant's duty to warn of a hidden danger.

Finally, the Court notes that the Parties have not addressed the question of whether Defendant created, or had knowledge of, the divot in sufficient time to remove or warn of it. Accordingly, the Court cannot consider that issue.

6

### B. Proximate Causation

"Oklahoma law defines proximate cause as the efficient cause which sets in motion the chain of circumstances leading to the injury." *See Iglehart v. Bd. of County Comm'rs*, 2002 OK 76, 60 P.3d 497, 504 (Okla. 2002) (internal citations omitted). Proximate cause in a negligence case is generally an issue of fact, reserved for the jury. Summary judgment is only appropriate where there is no evidence from which a jury could reasonably find a causal nexus between the act and the injury. *Id.*

In this case, summary judgment is not appropriate, as the Court finds that a jury could reasonably find Defendant's failure to warn of the divot the efficient cause that led to Plaintiff's injury. Plaintiff has testified that her right toe caught in the divot, and then she came to a dead stop and fell to her knees. Though she did not see it at the time, after being escorted away to speak with the manager and give her statement, Plaintiff returned to the scene of her fall and saw the divot in which her foot caught. A reasonable jury, based on Plaintiff's testimony, could conclude that if Defendant had warned Plaintiff of the divot, she would not have caught her right toe in the divot, and would not have fallen. *See Kassick*, 490 P.2d at 253 (a plaintiff's trial testimony alone established that he slipped on a grape, but decision was reversed based on defendant's lack of knowledge); *Safeway Stores, Inc. v. Feeback*, 1964 OK 3, 390 P.2d 519, 520 (Okla. 1964) (a plaintiff's trial testimony with the testimony of a witness who did not see her fall, but did see carrots on the ground, was sufficient to established that plaintiff slipped on a carrot but decision was reversed based on defendant's lack of knowledge); *Missouri-Kansas-Texas R.R. Co. v. Edwards*, 1961 OK 49, 361 P.2d 285, 286-87 (Okla. 1961) (competing interpretations of a plaintiff's testimony as to causation raised a question of fact for the jury). Accordingly, the Court finds a genuine issue of material fact as to the issue of proximate causation.

Defendant's argument that a reasonable jury could not find a causal nexus between Defendant's failure to warn and Plaintiff's fall, either because Plaintiff did not know what had caused her fall immediately after she had fallen, or because the divot did not exist, is not persuasive. A reasonable jury could credit Plaintiff's testimony, which indicated that she was in extreme pain immediately after her fall, and was unable to examine the scene before she was escorted away to speak with a manager and give her statement, but that she returned to the scene of her fall and discovered the divot. *See Kassick*, 490 P.2d at 253 (plaintiff did not realize he had slipped on a grape until he stood up, saw dirt on his hands, and examined the floor); *Safeway Stores*, 390 P.2d at 520 (plaintiff did not realize she had slipped on a carrot until after she fell and saw a number of carrots on the floor). Similarly, Defendant's contention that Plaintiff's photographs show that the divot is simply a smudge on the floor is also a question of fact for the jury. *See Missouri-Kansas-Texas R.R. Co*, 361 P.2d at 286-87 (competing interpretations of a plaintiff's testimony raised a question of fact for the jury). Accordingly, the proximate cause of Plaintiff's injury is a question of fact for the jury.

## V. Conclusion

For the reasons set forth above, the Court finds a genuine issue of material fact as to whether Defendant breached its duty of care, whether the divot exists, and whether the divot caused Plaintiff's injury, as well as potentially other issues not raised by the Parties. Accordingly, Defendant's Motion for Summary Judgment is **DENIED**.

**SO ORDERED.**

**DATED THIS 7th day of September, 2018.**

**TERENCE C. KERN**
**United States District Judge**